## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA,      :   No. 282 WAL 2025

                   Respondent      :

                               :   Petition for Allowance of Appeal

                               :   from the **Unpublished Order** of

           v.                     :   the Superior Court at No. 709

                               :   WDA 2024 entered on October

                               :   21, 2024, **dismissing** the

JEROME JULIAN STEWART,         :   Judgment of Sentence of the

                               :   Washington County Court of

            Petitioner         :   Common Pleas at No. CP-63-CR-

                               :   0001862-2021 entered on March

                               :   1, 2024

## **ORDER**

**PER CURIAM**

    **AND NOW**, this 28th day of May, 2026, given the Superior Court's dismissal of Petitioner's appeal due to former counsel's failure to file an appellate brief, the Petition for Allowance of Appeal is GRANTED, the Order of the Superior Court is VACATED, and the matter is REMANDED to the Superior Court to establish a briefing schedule premised upon the Rule 1925(b) statement filed by Petitioner on July 3, 2024. Cf. *Commonwealth v. Holmes*, 79 A.3d 562, 577 (Pa. 2013) (allowing for consideration of an ineffectiveness claim on direct appeal where it is "both meritorious and apparent from the record so that immediate consideration and relief is warranted"); Pa.R.A.P. 1925(c)(3) (allowing an appellate court to remand for the appointment of new counsel and the filing of a Rule 1925(b) statement nunc pro tunc where it is clear that appellate counsel was per se ineffective in not filing the statement); Pa.R.A.P. 1113(d) (allowing a criminal defendant to file an application for nunc pro tunc relief, rather than proceed via the Post-Conviction

Relief Act, where the defendant directed counsel to file a Petition for Allowance of Appeal, but counsel did not timely do so). The issues in Petitioner's Superior Court brief shall be limited to those identified in his Rule 1925(b) statement, as well any other non-waivable issues that present counsel may identify.